COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-140-CR

 

 

PATRICK RENAULT NICHOLSON                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Patrick Renault Nicholson appeals his
conviction for sexual assault.  In a
single point, Nicholson challenges the factual sufficiency of the evidence to
support his conviction.  We will affirm.

 

 








II.  Factual Background








On the morning of March 14, 2006, Gabriella
Alvarez,[2]
a housekeeper at the Hawthorne Suites in Arlington, Texas, observed a man,
distinctive by his missing front teeth, standing near the suites that she was
cleaning.  Shortly thereafter, as Alvarez
was exiting one of the suites, the man choked her with a towel, physically forced
her back into the suite, and demanded money from her.  Alvarez attempted to spray the assailant=s face
with furniture cleaner or soap to escape his grasp, but he knocked the spray
can from her hand.  The man ordered
Alvarez to undress, and when she resisted, he took off her pants.  He then pulled her into the kitchen so that
he could put water on his face.  The man
subsequently sexually assaulted Alvarez by penetrating her vagina with his
fingers.  He also touched his penis to
her genitals and to her mouth.  He took a
gold chain that Alvarez was wearing and coins from a guest=s
pants.  When the man began to rummage
through the belongings of the occupant of the suite, Alvarez escaped and
summoned the police.  After investigators
arrived and interviewed Alvarez, they sent out a description of the
suspect:  Aa tall,
slender, black male wearing a black hooded sweatshirt and blue jeans, and    . . . a black baseball hat.@  The report also described the man as missing
a tooth. 

Later that same morning, Andrea Nicole Sign was
in her home, located less than half a mile from the Hawthorne Suites, when she
spotted an African-American male attempting to enter her house.  He banged on the window when he saw Sign and
proceeded to stare and yell at her as she moved around the house.  When she picked up the phone and began
talking to the police, the man turned and jumped the backyard fence. 

Officer Daniel Poe of the City of Arlington
Police Department, while helping in the Hawthorne Suites incident involving
Alvarez, noticed a police dispatch for a suspicious person that fit the same
description of the suspect from the Hawthorne Suites sexual assault: Aa tall,
slender, black male with a black hooded sweatshirt . . . and blue jeans.@  Poe and another officer drove to the area
where the suspicious person was reported and saw Nicholson, who matched the
description from the dispatch, jump several fences in an attempt to flee from
the officers.  After a lengthy pursuit,
officers apprehended him. 

Nicholson was not found with any of the personal
belongings that Alvarez claimed he had taken; however, he did have a crack pipe
in his possession.  He did not have any
missing teeth, only a small gap between his two front teeth. 








Alvarez was taken by ambulance to where Nicholson
was being held, and she identified him as her assailant without any hesitation;
she identified him a second time at trial. 
Sign also identified Nicholson from a photographic lineup as the man who
had attempted to break into her house; she too identified him a second time in
court. 

Alvarez underwent a sexual assault examination,
which revealed injuries consistent with her report of digital penetration.  No DNA evidence was recovered from Alvarez or
from the suite. 

After hearing the above evidence, the jury found
Nicholson guilty and assessed his punishment at twenty years=
imprisonment and imposed a $5,000 
fine.  The trial court sentenced
him accordingly.  This appeal followed. 

III.  Standard of Review








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at 414B15, 417;
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.








In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Thus, we must give due deference to the
fact-finder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports
the appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  

IV.  Factually Sufficient Evidence to Support
Conviction

In his sole point, Nicholson contends that the
evidence is factually insufficient to support his conviction for sexually
assaulting Alvarez.  Specifically,
Nicholson argues that the State=s
evidence that he is the individual who perpetrated the sexual assualt, when
viewed in a neutral light, is so weak that the jury=s
verdict seems clearly wrong and manifestly unjust.  Nicholson also argues that considering the
contrary evidenceCthe evidence that is allegedly
inconsistent with the finding that he committed the sexual assaultCthe jury=s finding
that he did commit the sexual assault is against the great weight and
preponderance of the evidence. 








A person commits the offense of sexual assault if
the person intentionally or knowingly causes the penetration of the anus or
sexual organ of another person by any means, without that person=s
consent.  Tex. Penal Code Ann. ' 22.011(a)(1)(A)
(Vernon Supp. 2007).  A sexual assault is
without the consent of the other person if the actor compels the other person
to submit or participate by the use of physical force or violence, or the actor
compels the other person to submit or participate by threatening to use force
or violence against the other person, and the other person believes that the
actor has the present ability to execute the threat.  Id. ' 22.011(b)(1)B(2).








Evidence exists connecting Nicholson to the
sexual assault.  We review it in a
neutral light to determine whether it is so weak that the jury=s
verdict seems clearly wrong and manifestly unjust.  See Watson, 204 S.W.3d at 414.  The evidence established that Nicholson
generally matched the description of the perpetrator that Alvarez provided to
police.  Nicholson also matched the
description of the suspect that Sign provided to the police of the man who had
attempted to break into her home located less than half a mile from the location
of Alvarez=s sexual assault.  Both women described the man as an
African-American male wearing a black sweatshirt and dark pants.  Additionally, Alvarez positively identified
Nicholson as her attacker without hesitation shortly after the assault and at
trial; Sign also positively identified Nicholson from a photographic lineup as
the perpetrator in her case.  Evidence
existed that the physical injuries Alvarez suffered were consistent with
digital penetration of her vagina; the act she claimed Nicholson
performed.  Viewing the evidence in a
neutral light, the evidence supporting the verdict is not so weak that the jury=s
verdict seems clearly wrong and manifestly unjust.  See Watson, 204 S.W.3d at 414. 








Nicholson claims that the following purportedly
contrary evidence renders the jury=s
finding that he committed the sexual assault against the great weight and
preponderance of the evidence.  First,
Nicholson suggests that Alvarez=s
out-of-court identification of him was tainted because it was facilitated by a
police show-up and not by means of a physical or photographic lineup.  But Alvarez saw the assailant=s face
in close proximity for a lengthy period of time during the crime, only a short
period of time had passed between the time of the assault and Nicholson=s
identification, Alvarez was able to identify Nicholson immediately and without
any hesitation, and Alvarez identified Nicholson again at trial.  See Centeno v. State, No.
05-00-01360-CR, 2002 WL 202478, at *4 (Tex. App.CDallas
Feb. 11, 2002, no pet.) (not designated for publication) (concluding that a
sexual assault victim=s in-court identification of
defendant was not tainted by a one-person show-up, as a face-to-face show-up
between the victim and defendant happened only hours after the crime occurred,
the victim identified defendant in the show-up before the police attempted to
prompt her in any way, and the victim had a full twenty minutes during the
assault to observe defendant=s
face).  Thus, the credibility of Alvarez=s
identification of Nicholson was a matter for the jury to resolve.

Nicholson also points out that when he was
apprehended, purportedly only a short time after, and distance from, the sexual
assault, he did not have the gold necklace Alvarez claimed that the perpetrator
had taken from her, the money that she claimed was stolen during the attack, or
the cellular phone that she asserted he had in his possession.  He did, however, possess a crack pipe.  Nicholson argues that the lack of these items
on his person when he was arrested suggests that he never had the above-mentioned
items because he was not the perpetrator. 
He claims it would be unreasonable to believe that he would discard
these items of value but not discard illegal drug paraphernalia.  Officer Poe testified, however, that the
necklace, money, and cell phone, although not logged into evidence as relating
to the sexual assault offense, could have been taken from Nicholson and
recorded in the jail log as Nicholson=s
personal property when he was booked into jail. 
The jail log was not offered into evidence at trial.  Thus, we defer to the jury=s
determinations concerning the weight to be given to the fact of Nicholson=s
alleged lack of possession of these items. 
Johnson, 23 S.W.3d at 9.








Nicholson also points out that Alvarez told
police that the perpetrator was missing at least one front tooth.  Nicholson is not missing either of his front
teeth, but does have a small, but noticeable, gap between his two front teeth.  Thus, Nicholson claims that this evidence is
contrary to the jury=s finding that he committed the
sexual assault.  Again, this relatively
minor discrepancy between Alvarez=s
physical description of the perpetrator and Nicholson=s
appearance on the date of the sexual assault, was a matter for the jury to
weigh and resolve.  Id.; Payne
v. State, 194 S.W.3d 689, 695 (Tex. App.CHouston
[14th Dist.] 2006, pet. ref=d)
(explaining that when defense is based on mistaken identity, evidence is not
factually insufficient simply because conflicting identity evidence exists;
rather, it is for the jury to resolve weight and credibility issues); Palma
v. State, 76 S.W.3d 638, 646 (Tex. App.CCorpus
Christi 2002, pet. ref=d) (holding jury was within its
authority in choosing to believe the testimony of two eyewitnesses who
identified the appellant as the perpetrator). 








Overall, viewing the evidence in a neutral light,
the evidence supporting the verdict is not so weak that the jury=s
verdict seems clearly wrong and manifestly unjust and the contrary evidence in
this case is not so great that the jury=s
verdict may be viewed as being against the great weight of the evidence.  See Watson, 204 S.W.3d at 414; Johnston
v. State, 230 S.W.3d 450, 456B57 (Tex.
App.CFort
Worth 2007, no pet.) (holding that evidence was factually sufficient to support
conviction for aggravated sexual assault because the jury could have resolved
the conflicts in the child victim=s
testimony and the other evidence consistently with its finding that appellant
was the perpetrator of the sexual assault against the child victim).  Because the evidence is factually sufficient
to support Nicholson=s conviction, we overrule his
sole point.

See Johnston, 230 S.W.3d at 454. 

V.  Conclusion

Having overruled Nicholson=s sole
point, we affirm the trial court=s
judgment.

SUE WALKER 

JUSTICE

 

PANEL F:    HOLMAN, GARDNER, and WALKER, JJ.

DO NOT
PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
June 19, 2008











[1]See Tex. R. App. P. 47.4.





[2]The complainant used a
pseudonym at trial.  For consistency, we
will use the same pseudonym here.  See
Tex. Code Crim. Proc. Ann. art.
57.02(f) (Vernon Supp. 2007).